**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No.   14-cv-03456-RM-NYW

LAURA HOPPER,

    Plaintiff,

v.

RE/MAX PROPERTIES, INC., a Colorado corporation,
JEFF RYDER, an individual,
JODY ROMNEY, an individual, and
AMY LASSEN, an individual,

    Defendant.

---

# ORDER
---

This matter is before the Court on the June 12, 2015 Recommendation of United States Magistrate Judge Nina Y. Wang (the "Recommendation") (ECF No. 41) to grant, in part, and deny, in part, Defendants Amy Lassen, Re/Max Properties, Inc., and Jody Romney's (collectively "Re/Max Defendants") motion to dismiss (ECF No. 20) and to grant Defendant Jeff Ryder's ("Ryder") motion to dismiss (ECF No. 22).  Both motions to dismiss pertain to Plaintiff Laura Hopper's ("Hopper") amended complaint (ECF No. 19).  The Court incorporates the Recommendation herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation.  (ECF No. 41 at 18.)  Despite this advisement, no objections to the Recommendation have to date been filed by either party.  (*See generally* Dkt.)

1

The Court concludes that Judge Wang's analysis was thorough and sound, and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Recommendation is, therefore, adopted.

In accordance with the foregoing, the Court[1]:

(1) ADOPTS, in its entirety, the Magistrate Judge's Recommendation (ECF No. 41);

(2) GRANTS, in part, and DENIES, in part, Re/Max Defendants' motion to dismiss (ECF No. 20) to wit, the Court:

(i) DENIES Re/Max Defendants' motion to the extent it seeks to dismiss Plaintiff's claims[2] against Re/Max (ECF No. 19 at 8-9); and

(ii) GRANTS Re/Max Defendants' motion to the extent it seeks to dismiss Plaintiff's claims against Defendants Romney and Lassen (ECF No. 19 at 10-11); and

---

[1] Magistrate Judge Wang also entered a prior order denying as moot Re/Max Defendants and Ryder's respective motions to dismiss (ECF Nos. 8; 15). (ECF No. 30.) The Court's reference order provided that the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b) could hear and determine non-dispositive motions as well as submit proposed findings of fact and recommendations for rulings on dispositive motions. (ECF No. 13.) A motion to dismiss is potentially dispositive. *See Schupper v. Cafasso*, Case No. 10-CV-01853-WYD-BNB 2011 WL 587356, at *1 (D. Colo. Feb. 7, 2011). Therefore, respectfully, Magistrate Judge Wang could only issue a recommendation to the Court with respect to Defendants' prior motions to dismiss. But the Court agrees with Magistrate Judge Wang's order that the prior motions to dismiss (ECF Nos. 8 and 15) are moot by Plaintiff's filing an amended complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Thus, the Court adopts Magistrate Judge Wang's "recommendation" to deny as moot both Re/Max Defendants' motion to dismiss (ECF No. 8) and Ryder's motion to dismiss (ECF No. 15). For clarity, the Court (1) ADOPTS Magistrate Judge Wang's prior "recommendation" (ECF No. 27); (2) DENIES as moot Re/Max Defendants' prior motion to dismiss (ECF No. 8); and (3) DENIES as moot Ryder's prior motion to dismiss (ECF No. 15).

[2] Because Plaintiff duplicates paragraph numbering in her Amended Complaint (*see* ECF No. 19 at 1-3, the Court refers to page numbers in the document.

3

(3)     GRANTS Defendant Ryder's motion to dismiss (ECF No. 22).

DATED this 24th day of July, 2015.

                                                  BY THE COURT:

                                                  RAYMOND P. MOORE
                                                  United States District Judge